**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | | |
|---|---|---|
| William B. Lincoln, Jr. | : | CIV. ACTION NO. 16-1577 (RMB) |
| Petitioner, | : | |
| v. | : | OPINION |
| David Owens, | : | |
| Respondent. | : | |

**RENÉE MARIE BUMB**, U.S. District Judge

On March 22, 2016, Petitioner, an inmate in Camden County Correctional Facility, filed a petition for writ of habeas corpus under 28 U.S.C. § 2254, challenging his conviction and sentence in Camden County Superior Court. (Pet., ECF No. 1.)[1] Petitioner submitted an application to proceed in forma pauperis under 28 U.S.C.

---

[1] Petitioner also filed a civil action in this Court alleging the state court lacked jurisdiction over his then pending criminal matter. See Lincoln v. Superior Court of New Jersey, 16cv609(RMB) (D.N.J. Feb. 3, 2016). The Court construed the action as a petition for pre-trial habeas relief under 28 U.S.C. § 2241, and dismissed the action with prejudice. See id., (ECF Nos. 2, 3.) Petitioner filed a subsequent habeas petition under 28 U.S.C. § 2241, which this court dismissed for failure to exhaust his state court remedies. See Lincoln v. Owens, 16cv990(RMB) (D.N.J. March 8, 2016.) Petitioner now asserts his claims under 28 U.S.C. § 2254.

1

§ 1915 in lieu of the $5.00 filing fee. Petitioner has established his inability to pay the filing fee, and his IFP application will be granted. (ECF No. 1-1.)

Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts provides "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." The Court has examined the petition under Rule 4, and concludes the petition should be dismissed for failure to exhaust state court remedies.

I.   THE PETITION

Petitioner is confined in Camden County Correctional Facility. (Pet., ECF No. 1 at 1.) On January 26, 2016, he pled guilty in Camden County Superior Court to possessing a controlled dangerous substance within 500 feet of a public park. (Id. at 2-3, ¶¶4-5.) On February 26, 2016, he was sentenced to "7 years with 42 months." (Id., ¶3.) He filed a direct appeal with the Superior Court of New Jersey, Appellate Division. (Id. at 3, ¶9.) He has not received a response from the Appellate Division. (Id. at 4, ¶E.)

Petitioner set forth three grounds for habeas relief. (Pet., ECF No. 1 at 5-6.) First, he alleged his conviction was obtained upon a defective Complaint/Warrant. Second, he asserted the Deputy Court

Administrator lacked probable cause to issue a warrant on first or second degree crimes; therefore, his arrest was illegal, and the court lacked jurisdiction. Third, he alleged the criminal proceedings were illegal because the Superior Court continued despite its lack of jurisdiction. Finally, in Ground Four, Petitioner asserted he was denied due process because he was never brought before the Municipal Court which issued the warrant, and he did not waive a probable cause hearing.

II. DISCUSSION

"Before a federal court may grant habeas relief to a state prisoner, the prisoner must exhaust his remedies in state court." O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999); see also 28 U.S.C. § 2254(b)(1)(A). "State courts, like federal courts, are obliged to enforce federal law." Id. at 844. State courts should have the first opportunity to review federal claims and provide relief. Id. "This rule of comity reduces friction between the state and federal court systems. . ." Id. at 845.

To fully exhaust state court remedies, a petitioner must fairly present his federal claims in one complete round of the State's appellate review process. Id. In the state of New Jersey, exhaustion of federal claims includes first presenting the claims to the state trial and appellate courts, and in a petition for review in the New

3

Jersey Supreme Court. See Johnson v. Pinchak, 392 F.3d 551, 556 (3d Cir. 2004) (exhaustion was satisfied where petitioner presented federal claim to New Jersey PCR Court, and the denial of relief was affirmed by the Appellate Division and the New Jersey Supreme Court.)

Petitioner has appealed his conviction but the Appellate Division has not yet addressed his appeal. Petitioner must exhaust his state court remedies before filing a petition under 28 U.S.C. § 2254. Therefore, he must wait for the New Jersey Superior Court Appellate Division's decision on his appeal, and if it is not in his favor, he must seek review by the New Jersey Supreme Court. Then, if the New Jersey Supreme Court denies review, and Petitioner does not have any further claims that can be brought in state court post-conviction proceedings, he may file his federal habeas corpus petition. Petitioner should be aware of the one-year statute of limitations for filing his petition under 28 U.S.C. § 2254. See 28 U.S.C. § 2244(d)(1)(A) ("[t]he limitation period shall run from the latest of[:] the date on which the judgment became final by conclusion of direct review or the expiration of time for seeking such review. . .)"; Jones v. Morton, 195 F.3d 153, 158 (3d Cir. 1999) (the statute of limitations is not tolled for the time during which a habeas petition is pending in federal court).

III. CONCLUSION

Petitioner's claims challenging his state court conviction and sentence are properly brought under 28 U.S.C. § 2254 *after exhausting state court remedies*. In the accompanying Order filed herewith, the Court will dismiss Petitioner's § 2254 petition without prejudice, for failure to exhaust his state court remedies.

                                    s/Renée Marie Bumb
                                    **RENÉE MARIE BUMB**
                                    **UNITED STATES DISTRICT JUDGE**

Dated: April 14, 2016